J. Michael Keyes (SBN 262281)
keyes.mike@dorsey.com
DORSEY & WHITNEY LLP
701 5th Ave, Suite 6100
Seattle, WA 98104
Telephone: (206) 903-8757
Facsimile: (206) 299-3998

Attorneys for Plaintiff
ETA COMPUTE, INC.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Eta Compute, Inc.<br><br>       Plaintiff,<br><br>   v.<br><br>Timothy D. Semones; Susan Desko; Inphi Partners, LLC; Susan Desko, P.C., and DOES 1 through 50,<br><br>       Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Eta Compute, Inc ("Eta" or "Plaintiff"), by the undersigned counsel, brings this Complaint against Defendants Timothy D. Semones ("Semones"), Susan Desko, Inphi Partners, LLC, Susan Desko, P.C. (collectively, "Defendants"), alleges the following.

## NATURE OF THE ACTION

1. Defendant Timothy Semones held a material position of trust with start-up Eta Compute, Inc. He served as Eta's Chief Financial Officer, and in that role, held significant responsibility for Eta's finances. In concert with his spouse, Semones abused that trust by stealing $3,000,000 from Eta to fund their lifestyle, which includes the ongoing construction of a multi-

1

million dollar home for themselves in Idaho. Half of the stolen amount has yet to be recovered or returned to Eta.

## THE PARTIES

2. Plaintiff Eta is a California company and its principal place of business is located in the County of Los Angeles, California.

3. Defendant Timothy Semones is a natural person who resides in Blaine County, Idaho. Until recently, Semones was the Chief Financial Officer of Eta.

4. Defendant Susan Desko is a natural person who resides in Blaine County, Idaho. Ms. Desko is the wife of Semones.

5. Defendant Inphi Partners, LLC is an Idaho company that Somones formed to develop his current residence at 27 Lake Creek Road in Ketchum Idaho. Somones is and always has been the sole managing member of Inphi Partners, LLC.

6 Defendant Susan Desko, P.C., is an Idaho professional corporation that is operated by Semones' wife, Susan Desko, for her architecture business. On information and belief, Susan Desko and Tim Semones have always been the only officers and owners of Susan Desko, P.C.

7. DOE Defendants 1 through 50, whether individuals, corporations, partnerships or otherwise, are fictitious names of Defendants whose true names are, at this time, unknown to Plaintiff. Plaintiff is informed, believe, and thereon alleges that each of said fictitiously-named Defendants contributed to the damages herein alleged and Plaintiff will name such Defendants when their identities have been ascertained.

8. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, each Defendant was an agent or joint venture of the other Defendant, and in doing the acts alleged herein, was acting within the course and scope of such agency.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Plaintiff is a citizen of California.  Defendants are citizens of Idaho.

10. Venue in this district is appropriate pursuant to 28 U.S.C. § 1391 because Defendants reside and are located in this judicial district.

## FACTUAL ALLEGATIONS

11. Until recently, Semones was the acting Chief Financial Officer (CFO) of Eta.  In connection with his duties as CFO, he had access to Eta's deposit accounts and had the ability to make online transfers from Eta's accounts.

12. Between October 13, 2017 and January 3, 2018, Semones accessed Eta's Wells Fargo Checking Account online and transferred a total of $3,000,000 to bank accounts in the name of Susan Desko, P.C., and in the name of Inphi Partners, LLC.

13. On October 13, 2017, Semones accessed Eta's Wells Fargo Checking Account online and transferred $90,000 to a Wells Fargo Business Checking Account in the name of Susan Desko, PC, account ending 7548.

14. On October 17, 2017, Semones accessed Eta's Wells Fargo Checking Account online and transferred $90,000 to a Wells Fargo Business Checking Account in the name of Susan Desko, PC, account ending 7548.

15. On October 20, 2017, Semones accessed Eta's Wells Fargo Checking Account online and transferred $90,000 to a Wells Fargo Business Checking Account in the name of Susan Desko, PC, account ending 7548.

16. On November 30, 2017, Semones accessed Eta's Wells Fargo Checking Account online and transferred $250,000 to a Wells Fargo Business Checking Account in the name of Inphi Partners, LLC, account ending 9254.

17. On December 4, 2017, Semones accessed Eta's Wells Fargo Checking Account online and transferred $500,000 to a Wells Fargo Business Checking Account in the name of Inphi Partners, LLC, account ending 9254.

18. On December 5, 2017, Semones accessed Eta's Wells Fargo Checking Account online and transferred $500,000 to a Wells Fargo Business Checking Account in the name of Inphi Partners, LLC, account ending 9254.

19. On December 6, 2017, Semones accessed Eta's Wells Fargo Checking Account online and transferred $300,000 to a Wells Fargo Business Checking Account in the name of Inphi Partners, LLC, account ending 9254.

20. On December 8, 2017, Semones accessed Eta's Wells Fargo Checking Account online and transferred $300,000 to a Wells Fargo Business Checking Account in the name of Inphi Partners, LLC, account ending 9254.

21. On January 3, 2018, Semones accessed Eta's Wells Fargo Checking Account online and transferred $880,000 to a Wells Fargo Business Checking Account in the name of Inphi Partners, LLC, account ending 9254.

22. During an in-person interview on December 6, 2018, Semones admitted that he made each of the transfers listed above in paragraphs 14 through 22, totaling $3,000,000, without the knowledge or permission of anyone at Eta.

23. Semones admitted he misappropriated the $3,000,000 from Eta because he needed money to pay financing and construction costs for a property owned by Semones and his wife

through Semones' solely owned and managed company, Inphi Partners, LLC.  Semones and Susan Desko reside at this property.

24.     Semones admitted that he used the $3,000,000 he stole from Eta to pay financing and construction costs for this property.

25.     Semones stated that the only person who knew that he misappropriated the $3,000,000 from Eta was wife, Susan Desko.

26.     On May 31, 2018, Semones transferred $1,500,000 from the Inphi Partners, LLC, Wells Fargo Business Checking Account ending in 9254 to Eta's Wells Fargo Checking Account.  Semones stated he made this transfer in an attempt to repay some of the stolen money.  At the time, Semones correctly believed that Eta was still not aware that he had stolen any money.  Semones first learned that Eta knew that money was missing on November 27, 2018.

27.     On November 27, 2018, Eta's Chief Executive Officer, Gopal Raghavan, noticed a discrepancy in Eta's Wells Fargo bank account reflecting an account balance of approximately $1,800,000 less than he expected.  Mr. Raghavan called Semones and Semones said there was over two million dollars "in other accounts."  Mr. Raghavan asked Semones to send those statements to him.  Mr. Raghavan did not receive the statements until the following day.

28.     On November 28, 2018, Semones sent an email to Mr. Raghavan at approximately 8:42 a.m. with the purported bank statements for Eta's Wells Fargo bank account with the ending balance as of November 26, 2018.

29.     Mr. Raghavan then requested a bank statement directly from Wells Fargo for the same date and bank account to compare with the purported statement he received from Semones.  The statement Mr. Raghavan received directly from Wells Fargo reflected $1,500,000 less than had been reflected in the balance on the statement received from Semones.

30. Mr. Raghavan called Wells Fargo and the representative confirmed that the statement Semones sent to Mr. Raghavan was inaccurate and that the additional $1,500,000 that appeared in the statement Somones sent was not in the Wells Fargo account.

31. Mr. Raghavan and another Eta executive thereafter closely examined the purported bank statement from Semones. They discovered that the statement from Semones had been doctored, falsified, and digitally edited to appear as if the account had an additional balance for $1,500,000 that did not actually exist.

32. Mr. Raghavan and another Eta executive thereafter called Semones. Semones answered the call and said he sent the statement to Mr. Raghavan. Mr. Raghavan told Semones that Mr. Raghavan was examining Semones' statement and comparing it to a statement he received from Wells Fargo. Mr. Raghavan asked Semones about the $1,500,000 discrepancy. Semones then admitted he took the money. Semones had doctored the bank statement he sent to Mr. Raghavan on November 28, 2018 to conceal his theft.

## COUNT I
### Money Had and Received
### (Against All Defendants)

33. Plaintiff re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. Defendants have in their possession money in the amount of $1,500,000 that was unlawfully obtained from Plaintiff through Semones' acts of embezzlement.

35. This money belongs to Plaintiff as a matter of law, equity, and good conscience.

36. As a direct and proximate result of the allegations above, Defendants are each indebted to Plaintiff in the amount of $1,500,000.

## COUNT II
### Unjust Enrichment
### (Against All Defendants)

37. Plaintiff re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. Defendants received the benefit of Plaintiff's $3,000,000 without paying just compensation and continue to retain the benefit of Plaintiff's $1,500,000 without paying just compensation.

39. As a direct and proximate result of the allegations above, Defendants have been unjustly enriched and Plaintiff has suffered damages in an amount to be proven at trial that is in excess of $1,500,000.

## COUNT III
### Conversion
### (Against All Defendants)

40. Plaintiff re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. Defendants took a $3,000,000 from Plaintiff without a right to do so.

42. Defendants have continued to hold $1,500,000 of this sum without the right to do so.

43. As a direct and proximate result of the allegations above, Plaintiff has suffered damages in an amount to be proven at trial that is in excess of $1,500,000.

## COUNT IV
### Breach of Fiduciary Duty
### (Against Semones)

44. Plaintiff re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. As the CFO of Eta, Semones owed fiduciary duties of trust and loyalty to Eta.

46. Semones breached his fiduciary duties to Eta by embezzling $3,000,000 from Eta, transferring the money to the Defendants for his and their benefit, concealing the embezzlement, and failing to inform Eta of the embezzlement.

47. As a direct and proximate result of the allegations above, Plaintiff has suffered damages in an amount to be proven at trial that is in excess of $1,500,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby prays for judgment against Defendants as follows:

1. For compensatory damages, including incident damages, in an amount to be proven at trial, but in excess of $1,500,000 exclusive of interests and costs;

2. For costs and reasonable attorney's fees incurred by Plaintiff as permitted by law;

3. For imposition of a constructive trust over any of Defendants' property that is subject to an equitable duty to convey the property to Plaintiff;

4. For pre-judgment interest;

5. For post-judgment interest; and,

6. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Dated this 12th day of December, 2018

DORSEY & WHITNEY LLP

By: */s/ J. Michael Keyes*
J. Michael Keyes, Esquire
701 5th Ave, Suite 6100
Seattle, WA 98104
Telephone: (206) 903-8757
Facsimile: (206) 299-3998
Email: keyes.mike@dorsey.com
*Attorneys for Plaintiff Eta Compute, Inc.*