# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Eta Compute, Inc.<br><br>          Plaintiff,<br><br>    v.<br><br>Timothy D. Semones; Susan Desko; Inphi Partners, LLC; Susan Desko, P.C., and DOES 1 through 50.<br><br>          Defendants. | Case No. 1:18-cv-00552<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

On January 2, 2019, the Court held a hearing for an Order to Show Cause why a writ of attachment should not issue in accordance with the Court's prior Order (Dkt. 12). During the hearing, the Court issued an oral ruling. This written order supplements and clarifies that ruling.

Additionally, after the January 2, 2019 hearing, Defendants filed a Motion for Clarification and/or Reconsideration that Vehicles Must Not Be Sold After Attachment Because There is No Judgment As Required Under Idaho Code § 8-506 And It is Not in the Best Interest of the Parties (Dkt. 23). Having reviewed this post-hearing motion, as

well as Plaintiff's application, the supporting affidavits, Defendants' filing in response to the Order to Show Cause (Dkts. 20, 20-1, and 20-2), additional documents submitted by Plaintiff's at the hearing, testimony presented at the hearing, and the arguments of counsel, the Court now issues this written decision to supplement and clarify the oral ruling.

## DISCUSSION

At the conclusion of the January 2, 2019 hearing, the Court indicated that its intended ruling would encompass the following:

(a) First, the Court indicated that it would maintain the attachment of the bank accounts as previously ordered. *See Dec. 21, 2018 Order,* Dkt. 13.

(b) Second, the Court ordered defendants to make a full accounting to plaintiffs within seven days of transactions into and out of these banks accounts.

(c) Third, the Court indicated that it would attach all but two of defendants' vehicles.

(d) Fourth, the Court ordered defendants not to sell or encumber certain real property without first obtaining Court permission.

(e) Fifth, the Court authorized the imposition of a lien on Defendant Timothy Semones' stock in Plaintiff Eta Compute, Inc.

After the hearing, a dispute arose as to two issues: (1) the Court's intended order regarding the attachment of the Semones' vehicles; and (2) the Court's intended order regarding Defendant's ability to pay for living expenses and other obligations. The Court will address each issue in turn.

1.  **The Vehicles**

The parties have apparently concluded that during the hearing, the Court intended to and did specifically order the *prejudgment* sale of five of Defendants' seven vehicles. That was not the Court's intent. Rather, at the hearing, the Court indicated that it would extend the previously issued writ of attachment to include all but two of Defendants' vehicles. Given plaintiffs' strong showing at the hearing and in the briefing, the Court fully anticipates that plaintiff will prevail in this action and that the vehicles eventually will be sold. For that reason, the Court expressly *encouraged* – but did not order – the parties to work together for the disposition of the attached vehicles because a sheriff's sale likely would not maximize the sales price. (Indeed, the Court more generally encouraged the parties to work together settle, based on its belief that these sorts of cases generally should be settled as quickly as possible.) But the Court's intent at the hearing was not to order a prejudgment sale of the vehicles in accordance with Idaho Code § 8-526. The Court will therefore grant defendants' motion for clarification. The written Order will therefore simply direct that a writ of attachment issue regarding the vehicles.

2.  **The Semones' Ability to Use Monies for Living Expenses and Other Obligations**

The second issue relates to the Semones' ability to use monies out of certain bank accounts to pay for normal living expenses and other obligations. During the hearing, the Court observed that at some point in December 2018 – and before the December 21, 2018 writ of attachment was issued – the Semones' had apparently transferred a large sum of money out of those bank accounts.  Accordingly, the Court ordered the Semones to

provide plaintiffs with a full accounting of all transactions to and from the accounts that were subject to the December 21, 2018 writ of attachment (the "Subject Accounts").

Upon an inquiry from defense counsel, the Court clarified that the Semones would not be prohibited from paying their normal living expenses and other obligations from the non-attached bank accounts (identified below as the "Recipient Accounts."). Accordingly, the Court's order will allow the Semones' to pay these expenses from the non-attached accounts.

**IT IS HEREBY ORDERED:**

Pursuant to Idaho Code § 8-503(e), after considering the showing made by the parties, the Court finds there is a reasonable probability that Plaintiff will prevail in its claims.

Defendant's motion to vacate the writ of attachment issued on December 21, 2018 (Dkt. 20) is **DENIED**.

Defendants' motion to clarify or reconsider (Dkt. 23) is granted to the extent the Court clarifies that it did not intend to, and did not, order the prejudgment sale of the Semones' vehicles.

**IT IS FURTHER ORDERED THAT** Defendants shall provide a full accounting to Plaintiff by January 9, 2019, of all transactions to and from the accounts subject to the December 21, 2018 writ of attachment (Dkt. 15) ("Subject Accounts") on or after December 1, 2018. This accounting shall include, the identification of all deposits and withdrawals of any kind from the Subject Accounts on or after December 1, 2018, to what accounts said amounts were transferred ("Recipient Accounts") to the extent the amounts

have not been spent or otherwise paid or transferred to third parties, and the current location (including institutions and account numbers where applicable) of any amounts which have not been spent (whether the location is (1) in an account or accounts, (2) in cash whether in the Defendants' or any third party's possession, or (3) otherwise). To the extent that said amounts were used to purchase or otherwise pay for goods, services, or anything else, the accounting must include an identification of what was purchased with said amounts, the purchaser, and the amount and date of each purchase.

**IT IS FURTHER ORDERED THAT** Defendants are restrained from making or causing to be made any transfers from any Recipient Accounts into which any cash was transferred from the Subject Accounts. Defendants may use the Recipient Accounts for reasonable living expenses and their current routine monthly obligations, which will be estimated and provided for in the accounting submitted January 9, 2018. If Defendants have in their possession cash from the Subject Accounts, Defendants are enjoined from spending or otherwise disposing of said amounts which must be deposited with the Court as security by January 9, 2019.

Any money lawfully earned by Defendants which was not transferred out of the Subject Accounts after the date of this Order, including their current income, may be used by Tim Semones and Susan Desko.

**IT IS FURTHER ORDERED THAT** the Court authorizes and places a lien on and a writ of attachment shall be issued by this Court to attach the following motor vehicles**:**

a) 1994 American General (Hummer), Idaho license plate 321Z, VIN: 137YA8435RE153737

b) 1997 Porsche 911, ID license plate 97GT3, VIN: WP0AA2994VS322473, registered to Tim Semones;

c) 2000 Chevy suburban, Idaho license plate 5B74185, VIN: 3GNGK26U6YG173938, registered to Tim Semones;

d) 2004 Jeep Wrangler, Idaho license plate 9076K, VIN: 1J4FA49S64P703273, registered to Tim Semones; and,

e) 2009 Harley Davidson, Idaho license plate MRF590, VIN: 1HD1FR4129Y663304, registered to Tim Semones.

Defendants are hereby restrained and ordered not to transfer, encumber or dispose of these vehicles. .

**IT IS FURTHER ORDERED THAT** Plaintiff shall file with the Court a written undertaking in addition to the $100,000 undertaking currently on file with the Court. As to the amount of that additional undertaking, the parties shall meet and confer promptly upon Defendants providing Plaintiff with information sufficient to identify the amount of attached cash subject to this Order, and within one business day after Plaintiff receives said information, the parties shall report to the Court either an agreed-upon undertaking amount, or failing that, their respective recommendations for an additional undertaking to the Court. Within two business days following the issuance of an Order by this Court, Plaintiff shall then file the additional undertaking. However, if Defendants fail to provide Plaintiff with sufficient information to identify the amount of cash subject to this Order by January 11,

2019, this Court shall set the amount of the additional undertaking at $250,000, bringing the total undertaking to $350,000.

**IT IS FURTHER ORDERED THAT** Defendants are hereby restrained from further encumbering the real property located at 29 Lake Creek Drive, Ketchum, Idaho, and the real property located at 105 Madison Avenue, Ketchum, Idaho, without prior Court approval.

**IT IS FURTHER ORDERED THAT** the Court authorizes and places a lien on Tim Semones' Eta Compute, Inc., stock (common and preferred), and Tim Semones is hereby restrained from selling, transferring, or otherwise encumbering said shares without prior Court approval.

**IT IS SO ORDERED.**

DATED: January 8, 2019

_____
B. Lynn Winmill
U.S. District Court Judge